ANGELO LABRUNA, petitioner,

*v.*

JULIA M. LABRUNA, defendant.

[Submitted November 13th, 1922.  Decided December 15th, 1922. Opinion filed March —, 1923.]

1. Where a petitioning husband in a divorce suit for desertion moves to dismiss his petition, after his wife has filed a petition for alimony and counsel fee, she asserting that she is a resident of the Kingdom of Italy and was compelled to leave her husband because of his cruelty to her, such motion will be denied, and counsel fee and alimony will be awarded the wife.

2. *Verbeeck* v. *Verbeeck, 93 N. J. Eq. 17,* followed.

---

On petition, &c.

*Messrs. Whiting & Moore,* for the petitioner.

*Mr. Joseph H. Gaudielle,* for the defendant.

BENTLEY, V. C.

I have decided, for reasons that will be made apparent in this opinion, to come to a different conclusion than I had in my mind at the close of the arguments.

The petition has been filed for a divorce *a vinculo* for the wife's desertion. She is resident in the Kingdom of Italy with her three children by the petitioner. She defends by an answer, alleging that she was compelled to leave the petitioner because of his cruelty.

In November, 1921, she filed a petition asking for alimony *pendente lite* and counsel fee, and for some reason that has not been made apparent, this petition was not argued until a year after it was filed. Upon the argument the petitioner, to avoid her demand, moved to dismiss his own petition. I shall make no point of the fact that he failed to give notice thereof to the defendant, for the reason that I feel that this question should be decided upon broad grounds, and for that reason I am going to relax another rule, under the peculiar circumstances of this case.

The defendant not only squarely meets the petition by her answer but, in addition, sets up in her petition for alimony the cruelty of her husband, in which she is corroborated by two of her brothers whose affidavits are very convincing that she was, in fact, driven away by the petitioner. It is true that under ordinary circumstances a complainant is at liberty to dismiss his bill, as of course, before answer is filed and upon notice and payment of costs after answer is filed and before the commencement of the final hearing. *Hudson Trust Co.* v. *Boyd, 80 N. J. Eq. 267.* The present rule of the court of chancery (No. 115) provides that after replication and the taking of proofs is begun the complainant shall not be at liberty to dismiss his bill except upon special motion and notice to the defendants. From this language I apprehend that the ordinary rule would be drawn that

prior to those steps in the cause the reverse would be true, and then he would be entitled to dismiss upon notice and payment of costs.

The fourth rule, however, provides as follows:

"These rules shall be considered as general rules for the government of the court and the conduct of causes, and, as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work surprise or injustice."

I think, for the reasons I am about to express, that this is a case where injustice would be worked by a strict and harsh application of the rigid rule.

This is the second time the petitioner has filed a petition for a decree of divorce against his wife upon the same ground, that of desertion. The former petition was dismissed by the husband and then this petition was filed in its place. The defendant has shown in her petition for alimony, and the supporting affidavits indicate to my mind, that it may be determined upon the final hearing that she will defeat her husband's suit. She is in Italy, driven there, as she swears, by her husband's cruelty, where it is difficult · for her to properly safeguard her rights. She is without means and dependent upon an aged father for the support of herself and her three infant children out of his exertions on a small farm which he rents.

The chancellor has recently expressed his views in *Verbeeck* v. *Verbeeck, 93 N. J. Eq. 17,* as to husbands resident in this state having sued their wives for divorce on the ground of desertion while such wives were domiciled in European countries, and when a defence is interposed, abandon their suits. The case at bar seems to me to be similar, and I feel that this court should go to any proper lengths, even to relaxing the strict rules of practice as indicated above, to afford this defendant, at her husband's expense, the opportunity she desires of clearing herself of the charge brought against her.

In the case of *Butler* v. *Butler, 38 N. J. Eq. 626,* the Court of Errors laid down the rule that after hearing com-

menced the husband would not be permitted to abandon his petition to defeat his wife's claim for alimony. Of course, in the *Butler Case* there was the distinguishing fact that the parties had gone to hearing, which is not the situation in this case; but the limitation upon the authority of the petitioner over his petition is arbitrary, established for convenience and the dispatch of business under ordinary circumstances and might have been placed at any other stage of the cause perhaps with equal regard to sound reasoning. But be that as it may, the fact remains, and I squarely decide, that this is an instance where the rule in question should be relaxed to ameliorate the condition and position in this suit of the defendant.

I have not considered the subject of the former petition between these parties as a bar to the present petition, for the reason that it has not been raised.

I will advise an order denying the petitioner's motion to dismiss his petition; and a second order awarding a counsel fee of $150 to the defendant's solicitors, in view of the expense and difficulty of communicating with their client, but I feel, for the reasons expressed by the chancellor in the *Verbeeck Case, supra,* that no alimony *pendente lite* should be allowed.